UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 10, 2012

LETTER TO ALL COUNSEL

Re: Joanne Dotson ex rel. T.W. v. Michael J. Astrue, Commissioner of Social Security, Civil No. SAG-10-cv-2066

Dear Counsel:

This matter is before me by the parties' consent. (ECF Nos. 6, 23). On July 29, 2010, Joanne Dotson, on behalf of her minor granddaughter T.W., petitioned this Court to review the Social Security Administration's denial of her claim for Children's Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 12 and 22). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir.1996); *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir.1987). I find that no hearing is necessary. Local R. 105.6 (D.Md. 2011). I will deny both motions. The ALJ's decision will be vacated and the case remanded for further consideration. This letter explains my rationale.

Joanne Dotson, on behalf of T.W., applied for childhood SSI on May 12, 2006, alleging that T.W. was disabled due to attention deficit hyperactivity disorder ("ADHD") and severe migraines. (Tr. 46, 50, 53-60). Her claim was denied initially, and upon reconsideration. (Tr. 39-40). The Appeals Council denied Ms. Dotson's request for review, (Tr. 4-9), so the July 16, 2008 decision of Administrative Law Judge Robert W. Young ("the ALJ") is the final, reviewable

1

decision of the agency.

The ALJ evaluated Ms. Dotson's claim using the three-step sequential process set forth in 20 C.F.R. § 416.924. The ALJ's findings at steps one and two favored Ms. Dotson's claim. At step one, the ALJ found that T.W. had not engaged in any substantial gainful activity at any relevant time. (Tr. 17). At step two, the ALJ found that T.W. suffered from ADHD and that this constituted a severe impairment. (Tr. 17). At step three, however, the ALJ found that T.W. did not have an impairment or combination of impairments that met any listed impairment. (Tr. 19). Additionally, the ALJ determined that T.W. did not have an impairment or combination of impairments that would be functionally equivalent to any listed impairment.[1] (Tr. 19-25). Therefore, the ALJ determined that T.W. was not disabled for purposes of children's SSI benefits. (Tr. 25).

Ms. Dotson argues that the Appeals Council made one error and that the ALJ made three errors.[2] First, Ms. Dotson argues that the Appeals Council erred by failing to weigh new, outcome-determinative evidence regarding T.W.'s medical limitations. (Pl.'s Mem. in Supp. of Mot. for Summ. J. 17-21). Second, Ms. Dotson contends that the ALJ failed to give the proper weight to the opinions of T.W.'s treating physicians. (Pl.'s Mem. 21). Third, Ms. Dotson claims that the ALJ erred by finding that T.W.'s impairments did not meet or medically equal Medical Listing 112.11. (Pl.'s Mem. 22). Finally, Ms. Dotson asserts that the ALJ erred by failing to find that T.W.'s impairments functionally equaled one of the listings on the Listing of Impairments.

---

[1] Functional equivalence is determined by rating a child's abilities with respect to six "domains": (i) Acquiring and Using Information; (ii) Attending and Completing Tasks; (iii) Interacting and Relating Well With Others; (iv) Moving About and Manipulating Objects; (v) Caring for Yourself; and (vi) Health and Physical Well–Being. Disability is established if the child has an "extreme" degree of limitation in one area of functioning or "marked" limitation in two areas. *See* 20 C.F.R. § 416.926a.

[2] Ms. Dotson also argues that the ALJ erred by failing to consider the Individual Functional Assessment Report completed by nurse practitioner Charlene Davis. (Pl.'s Mem. 17-21). As this report was filed with the Appeals Council more than 19 months after the ALJ rendered his decision in this case, (Tr. 228-33), the ALJ cannot be faulted for failing to consider it.

(Pl.'s Mem. 24).

It is impossible for me to determine whether the ALJ assigned the proper weight to T.W.'s treating physicians. It is well-established that a court "cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984); *see also Perkins v. Apfel*, 101 F.Supp.2d 365, 375 (D.Md. 2000). "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole . . . .'" *Gordon*, 725 F.2d at 236 (citing *Arnold v. Sec.*, 567 F.2d 258, 259 (4th Cir. 1977). In the case at hand, the ALJ merely noted that "[r]ecords received from the claimant's treaters are afforded great weight." (Tr. 21). The ALJ's opinion neither identifies which medical professionals he considered to be T.W.'s treating physicians nor explains how those physicians' opinions compared with other evidence in the record. Indeed, while the ALJ's opinion supplies a detailed summary of much of the evidence in the record, it does not account for how the ALJ weighed this evidence.[3] Without this critical information, I cannot determine whether the ALJ's opinion is supported by substantial evidence. Remand is, therefore, appropriate.

The ALJ similarly erred when determining, at step three, whether T.W.'s impairments meet, medically equal, or functionally equal a listing included on the Listing of Impairments. As noted above, the ALJ did not properly explain the weight given to T.W.'s treating physicians or the other physicians. His opinion also fails to adequately discuss the reasons why he found that T.W. has less than marked limitations in all six domains of functioning. For four of those

---

[3] For example, at least two of T.W.'s treating physicians noted that T.W. suffers "marked limitations" as a result of her ADHD (Tr. 224, 226). However, the ALJ's opinion does not discuss whether or how those opinions were considered.

domains of functioning – "Acquiring and Using Information," "Moving About and Manipulating Objects," "Caring for Yourself," and "Health and Physical Well-Being" – the ALJ's opinion states only that T.W. has "less than marked limitation" or "no limitation." (Tr. 21-25). For those domains, the opinion marshals no evidence in support of the ALJ's conclusions and provides no insight into why the ALJ drew the conclusions that he did. For the domain of "Interacting and Relating with Others," the ALJ writes, "The claimant has less than marked limitation in interacting and relating with others. School records showed the claimant had one suspension from school for fighting." (Tr. 23). This cursory statement, like those for the other four domains previously mentioned, does not provide enough information for me to ascertain whether substantial evidence supports the ALJ's decision. For the sixth domain, "Attending and Completing Tasks," the ALJ notes that, "The claimant has less than marked limitation in attending and completing tasks. The child's grandmother said the claimant calmed down a lot in response to medication. She said the teachers did not call every day as in the past. The medicine wore off in the afternoon and she received some calls." (Tr. 22). The ALJ's reasoning is far from clear. The ALJ appears to state both that T.W.'s symptoms are alleviated by medication and that medication is insufficient because its effects do not last the entire day. As a result of the dearth of explanation, I cannot say that the ALJ's analysis is supported by substantial evidence. The case must be remanded.

  The fact that I am remanding the case for further proceedings does not indicate that I hold any opinion regarding T.W.'s eligibility for SSI. The ALJ's opinion, as written, simply does not permit me to conduct the required review for substantial evidence. Upon remand, the ALJ will have the opportunity to consider and discuss the Individual Functional Assessment Report completed by nurse practitioner Charlene Davis, which was submitted to the Appeals Council

after the ALJ's decision had issued.

Thus, for the reasons given, this Court DENIES the Commissioner's Motion for Summary Judgment and DENIES Ms. Dotson's Motion for Summary Judgment. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings consistent with this opinion. A separate Order shall issue.

                                                Sincerely yours,

                                                /s/

                                                Stephanie A. Gallagher
                                                United States Magistrate Judge