**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOANNE DOTSON ex rel. T.W., | * | |
| | * | |
| Claimant, | * | |
| | * | |
| v. | * | Case No. SAG-10-cv-2066 |
| | * | |
| MICHAEL J. ASTRUE, | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

******

**MEMORANDUM**

This matter is before the Court by the parties' consent.  (ECF Nos. 6, 23).  Joanne Dotson, on behalf of her minor granddaughter, T.W., has filed a motion for attorney's fees pursuant to both the Equal Access to Justice Act, 28 U.S.C. § 2412, ("EAJA") and the Social Security Act, 42 U.S.C. § 406(b).  (ECF No. 26).  The Commissioner has opposed Ms. Dotson's motion, contending that the government's position in this case was substantially justified.  (ECF No. 27). For the reasons set forth below, Ms. Dotson's Application for Attorney's Fees is GRANTED.

## I.  BACKGROUND

Joanne Dotson, on behalf of T.W., applied for Children's Supplemental Security Income ("children's SSI") on May 12, 2006, alleging that T.W. was disabled due to attention deficit hyperactivity disorder ("ADHD") and severe migraines.  (Tr. 46, 50, 53-60).  Her claim was denied initially, and upon reconsideration.  (Tr. 39-40).  On July 16, 2008, Administrative Law Judge Robert W. Young ("the ALJ") issued an opinion finding that T.W. was not disabled for the purposes of awarding children's SSI benefits.  (Tr. 14-25).  The Appeals Council denied Ms. Dotson's request for review. (Tr. 4-9).

Ms. Dotson next sought relief from this Court.  (ECF No. 1).  In her summary judgment motion, Ms. Dotson argued that the Appeals Council made one error and that the ALJ made three errors.  First, she asserted that the Appeals Council erred by failing to weigh new, outcome-determinative evidence regarding T.W.'s medical limitations.  (Pl.'s Mem. in Supp. of Mot. for Summ. J. 17-21, ECF No. 12).  Second, Ms. Dotson contended that the ALJ failed to give the proper weight to the opinions of T.W.'s treating physicians.  *Id*. at 21.  Third, Ms. Dotson claimed that the ALJ erred by finding that T.W.'s impairments did not meet or medically equal Medical Listing 112.11.  *Id*. at 22.  Finally, Ms. Dotson suggested that the ALJ erred by failing to find that T.W.'s impairments functionally equaled one of the listings on the Listing of Impairments. *Id*. at 24.

On February 10, 2012, this Court vacated the ALJ's decision and remanded this case for further proceedings.  (Letter Op. 5, ECF No. 24).  At that time, the Court did not express an opinion as to whether T.W. should be considered eligible for children's SSI.  *Id*. at 4.  Rather, the Court noted that "[t]he ALJ's opinion, as written, simply does not permit me to conduct the required review for substantial evidence." *Id*.

Ms. Dotson filed the instant Application for Attorney's Fees on March 16, 2012.  (ECF No. 26).  Ms. Dotson seeks $3,737.50 for her counsel, Vincent J. Piazza, which represents 29.9 hours of attorney work time at a rate of $125 per hour.  (Pl.'s Appl. for Atty's Fees, Exh. B, ECF No. 26-3).[1]

## II.  LEGAL STANDARDS

A party who prevails in litigation against the United States is entitled to EAJA attorney fees if the government's position was not substantially justified and no special circumstances

---

[1] The government contends not that Ms. Dotson has requested an unreasonable amount of attorney's fees, but that an award of any size is inappropriate in this case.  Mr. Piazza's requested fee appears to be reasonable and in keeping with attorney's fees awarded by this Court under the EAJA for Social Security cases.

make an award unjust.  28 U.S.C. § 2412(d)(1); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991).  To receive attorney's fees, the prevailing claimant must submit a fee application and an itemized statement of fees to the court within 30 days of final judgment.  *Id*.  "The Supreme Court has approved a 'generous formulation' to determine who are prevailing parties: '[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"  *Hyatt v. Heckler*, 807 F.2d 376, 382 (4th Cir. 1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The Commissioner bears the burden of proving that his position was substantially justified, thus precluding an award of attorney fees and costs under the EAJA.  *Thompson v. Sullivan,* 980 F.2d 280, 281 (4th Cir. 1992).  The Commissioner's position must be substantially justified in both fact and law.  *Id.*  ("In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts.");  *see also Pierce v. Underwood*, 487 U.S. 552, 562-63 (1988).  When evaluating whether the government's position was substantially justified, the court must examine the agency's conduct and posture both before and during litigation.  *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Crawford v. Sullivan*, 935 F.2d 655, 657 (4th Cir. 1991).

A substantially justified position is one that is "more than merely undeserving of sanctions for frivolousness."  *Pierce,* 487 U.S. at 566.  To be substantially justified, the government's position must be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person."  *Id*. at 565.  A court's ruling against the government is not determinative, as the Commissioner "is not automatically liable for attorney's

fees every time he loses a case." *Crawford*, 935 F.2d at 657 (relying on *Smith v. Heckler*, 739 F.2d 144, 147 (4th Cir. 1984)).

### III.  ANALYSIS

The Commissioner objects to Ms. Dotson's request for attorney's fees for her counsel, arguing that attorney's fees are unwarranted because the government's position was substantially justified.  As an initial matter, the Court notes that Ms. Dotson's motion mischaracterizes the government's position in this case.  Ms. Dotson states that the government voluntarily requested remand, and argues that such a request amounts to the government's concession that its position was not substantially justified.  (Pl.'s Mem. in Supp. of Appl. for Att'y's Fees 1-2, ECF No. 26-1).  Contrary to Ms. Dotson's assertions, the government never requested remand in this case.  (*See* Def.'s Mot. for Summ. J., ECF No. 22; Def.'s Mem. in Supp. of Mot. for Summ. J., ECF No. 22-1).  As a result, and because the government opposes Ms. Dotson's motion for attorney's fees, this Court must evaluate whether an award of attorney's fees is proper under the EAJA.

A party is entitled to EAJA attorney fees if: (1) the claimant is a party who prevailed in litigation against the United States; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and, (4) the claimant's fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement.  28 U.S.C. § 2412(d)(1); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991).

Ms. Dotson easily meets three of these four requirements.  Regarding the first element of the statutory test, Ms. Dotson qualifies as a prevailing party for purposes of awarding EAJA fees because of the Supreme Court's "generous formulation" of who constitutes a prevailing party. By winning remand of her case, Ms. Dotson has succeeded on a significant issue in litigation and has achieved some of the benefit she sought.

With respect to the third element, the parties do not dispute whether any special circumstances exist that would make an award of attorney's fees unjust. As a result, the Court finds that no such circumstances exist.

Ms. Dotson's request for attorney's fees is also timely, and therefore satisfies the fourth element of the statutory test. The statute requires that a prevailing party's request for attorney's fees be submitted to the court within thirty days of "final judgment of the action." 28 U.S.C. § 2412 (d)(1)(B). The Supreme Court has noted that

> An EAJA application may be filed until 30 days after a judgment becomes "not appealable"—*i.e.*, 30 days after the time for appeal has ended. Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after "entry of judgment" . . . .

*Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 96(1991) ("[A] 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.") Ms. Dotson submitted her motion for attorney's fees on March 16, 2012, thirty-five days after this case was remanded to the agency for further proceedings. Ms. Dotson's motion falls well within the time period announced by the Supreme Court.

The only question remaining is whether the government's position in the case was substantially justified. As noted above, the government's position must be substantially justified on both the facts and the law. *Thompson*, 980 F.2d at 281. This Court remanded this case not because the facts of this case demand that T.W. receive benefits, but because the ALJ failed to properly explain how he weighed the opinions of T.W.'s treating physicians and why he found less than marked limitations in all six domains of functional equivalence. (Letter Op. 3-4, ECF No. 24). The errors identified relate to how the ALJ crafted his opinion, not to the ALJ's

analysis of the facts in the record. *Id.* at 3 ("The ALJ's opinion neither identifies which medical professionals he considered to be T.W.'s treating physicians nor explains how those physicians' opinions compared with other evidence in the record. . . . His opinion also fails to adequately discuss the reasons why he found that T.W. has less than marked limitations in all six domains of functioning."). The Court finds that the evidence in the record could have led a reasonable person to believe that T.W. was not, in fact, disabled. Accordingly, the Court finds that the government's position was substantially justified in fact.

The government's position, however, was not substantially justified in law. The ALJ has a duty to explain the basis for his decision. The Fourth Circuit has discussed this duty in depth.

> An ALJ's decision is statutorily required to include a discussion of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." 5 U.S.C. § 557(c)(3)(A) (1988). Strict adherence to this statutorily-imposed obligation is "critical to the appellate review process. . . . The courts have respected this requirement [in § 557(c)(3)(A) ] by remanding cases where the reasoning for the a.l.j.'s[sic] conclusion is lacking and therefore presents inadequate information to accommodate a thorough review." *Director, OWCP v. Congleton,* 743 F.2d 428, 429 (6th Cir.1984). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, . . . an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris,* 642 F.2d 700, 706-07 (3d Cir.1981). This court has long required specific references to the evidence supporting an ALJ's decision as part of the ALJ's "duty of explanation." *Hammond v. Heckler,* 765 F.2d 424, 426 (4th Cir.1985); *see also King v. Califano,* 615 F.2d 1018, 1020 (4th Cir.1980). Conversely, when faced with evidence in the record contradicting his conclusion, an ALJ must affirmatively reject that contradictory evidence and explain his rationale for so doing. *CNA Ins. Co. v. Legrow,* 935 F.2d 430, 436 (1st Cir.1991); *Smith v. Heckler,* 782 F.2d 1176, 1181 (4th Cir.1986); *see also Congleton,* 743 F.2d at 430 ("[A]n a.l.j.'s [sic] conclusory opinion, which does not encompass a discussion of the evidence contrary to his findings, does not warrant affirmance."); *Cotter,* 642 F.2d at 706 ("[T]here is a particularly acute need for some explanation by the ALJ when s/he has rejected relevant evidence or when there is conflicting probative evidence in the record.").

*See v. Washington Metro. Area Transit Auth.*, 36 F.3d 375, 384 (4th Cir. 1994). Contrary to the government's assertions, the ALJ failed in his duty of explanation. While it is true that an ALJ

need not set forth his findings in a particular format or order, *see Stephens v. Heckler*, 766 F.2d 284, 287-88 (7th Cir. 1985), it is impossible to trace the path of the ALJ's reasoning in his opinion.   As stated in this Court's February 10, 2012 letter opinion, the ALJ summarized a substantial amount of evidence, but failed to marshal that evidence in such a way that this Court could discern the bases upon which he had formed his opinion.   No reasonable person could have found that the ALJ adequately explained his functional equivalence findings or his findings regarding the opinions of T.W.'s treating physicians.   As a result, the government's position in this case was not substantially justified in the law.   The government's opposition to Ms. Dotson's motion for attorney's fees must fail.

## IV.  CONCLUSION

Based on the foregoing, the Court GRANTS Ms. Dotson's Application for Attorney's Fees. A separate order follows.

Dated: May 24, 2012                                                        _____/s/_____
                                                                           Stephanie A. Gallagher
                                                                           United States Magistrate Judge